Dear Representative Curtis:
You have requested an opinion of the Attorney General regarding an interpretation of R.S. 33:2476. You specifically ask whether it is legally permissible for a municipality, under the provisions of Section 2476, to compensate a member of a local municipal fire or police civil service board for serving in the capacity as secretary to the board, in an amount not to exceed $500.00 per month. In answer to your question, I refer you to R.S. 33:2476(L) which provides, in pertinent in part, the following:
 "L. At the discretion of the Board, the office of secretary shall be filled:
(1) By electing one of its members thereto;
 (2) By appointing the city clerk or secretary-treasurer of the municipality to fill such office ex-officio;
 (3) By employing on a part-time basis any other person
and paying a salary not to exceed five hundred dollars per month, which salary shall be approved by the municipal governing authority; or
 (4) By requiring the state examiner to act in such capacity. The board may terminate the term of office of any person serving as its secretary at any time. No person serving as secretary of a board, except a member thereof, shall have the right to vote in its proceedings. The secretary shall attend the meetings of the board; keep a record of its proceedings; attend to correspondence directed to him, and other correspondence ordered by the chairman; perform other functions assigned to him by the board; and cooperate with the state examiner in a manner that will assist the examiner to carry out effectively the duties imposed upon him by this Part or those functions which may be requested of him by the board." (Emphasis added.)
As can be gleaned from the above, the local board has four options for filling the office of secretary. It may elect one of its own members, appoint the city clerk or secretary-treasurer of the municipality, employ, on a part-time basis, any other person and require the state examiner to act in such a capacity. While the provision authorizing the employment of a part time individual carries with it the payment of compensation not to exceed $500.00 per month, the phrase "any other person" clearly signifies that the individual so employed does not refer to one of the board's own members. There is no provision, whatsoever, for the payment of any compensation to a member of the board for serving as secretary.
Accordingly, it is the opinion of this office that a municipality may not compensate a member of local municipal fire or police civil service board for serving as secretary to said board.
Parenthetically, it should also be noted that R.S. 42:64 of the state's Dual Officeholding and Dual Employment Law provides, in pertinent in part, the following:
 "A. In addition to the prohibitions otherwise provided in this part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other offices:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other . . . ."
While there are certain exemptions from the application of this provision, we can find no such exemption applicable to the offices at issue. Further, Section 8 of Act 700 of the 1979 Regular Session of the Louisiana Legislature which reenacted and reconstituted the Dual Officeholding and Dual Employment Law provides the following:
 "Section 8. Except for the provisions of Section 428 of Title 17 of the Louisiana Revised Statutes of 1950, all other laws or parts of laws in conflict herewith are hereby repealed and Sections 31, 31.1, 33, and 38 of Title 42 and Section 137 of Title 14, all of the Louisiana Revised Statutes of 1950 are hereby specifically repealed."
We bring this to your attention to make you aware that R.S.33:2476(L)(1) may have been repealed by the enactment of the Dual Office Holding and Dual Employment Law.
Should you have additional questions concerning these matters, please do not hesitate to contact me.
With kindest regards, I am
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/gbe
cc: Jim Ross, Chief, Governmental Section
Honorable Israel B. Curtis House of Representatives 630 Lee Street Alexandria, La 71302
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General